**22 CV 0151-V**



Revised 03/06 WDNY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

### FORM TO BE USED IN FILING A CIVIL COMPLAINT IN FEDERAL COURT
(Non-Prisoner Context)

All material filed in this Court is now available via the **INTERNET**. See **Pro Se Privacy Notice** for further information.

### 1. CAPTION OF ACTION

**A.** Full Name of Plaintiff: NOTE: *If more than one plaintiff files this action and seeks in forma pauperis status, each plaintiff must submit an in forma pauperis application or the only plaintiff to be considered will be the plaintiff who filed an application.*

JOACHIM SYLVESTER

-vs-

**B.** Full Name(s) of Defendant(s) NOTE: *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant.* Add a separate sheet, if necessary.

1. ANTHONY ANNUCCI, COMMISSIONER
2. A. RIPLEY, CORR. OFFICER
3. K. RAMIREZ, CORR. OFFICER
4. N. NAIDA, CORR. OFFICER
5. LT. SCHADEWALD
6. _____

### 2. STATEMENT OF JURISDICTION, VENUE and NATURE OF SUIT
*All of these sections MUST be answered*

Identify the basis for federal Court jurisdiction over your claim, such as that the United States government is a party to the action, all the parties reside in different states and therefore you claim diversity jurisdiction, or the claim presents a federal question or arises under federal law.

A. Basis of Jurisdiction in Federal Court: 42 USC, §§ 1983, 1985(3), 1981(a), and pendent jurisdiction over state law claims

State why the Western District of New York is the proper venue for this action, such as that your claim arises in or the defendant resides in the 17 westernmost counties of New York State.

B. Reason for Venue in the Western District: Plaintiff resides in Western District of New York and material events occurred therein.

Identify the nature of this action, such as that it is a civil rights claim, a personal injury or personal property (tort) claim, a property rights claim, or whatever it is.

C. Nature of Suit: civil rights action to recover damages and seeking equitable relief and raising pendent state law claims.

## 3. PARTIES TO THIS ACTION

PLAINTIFF'S INFORMATION  NOTE: *To list additional plaintiffs, use this format on another sheet of paper.*

Name of First Plaintiff: JOACHIM SYLVESTER

Present Address: 1818 Niagara Avenue, Niagara Falls, New York 14305

Name of Second Plaintiff:

Present Address:

DEFENDANT'S INFORMATION  NOTE: *To list additional defendants, use this format on another sheet of paper.*

Name of First Defendant: ANTHONY ANNUCCI, Commissioner

Official Position of Defendant (if relevant): Commissioner

Address of Defendant: 1220 WASHINGTON AVE #9, ALBANY, NEW YORK 12226

Name of Second Defendant: A. RIPLEY

Official Position of Defendant (if relevant): Corrections Officer NYS DOCCS

Address of Defendant: Elmira Corr. Facility, 1879 DAVIS ST., P.O. BOX 500, ELMIRA, NEW YORK 14001-0500

Name of Third Defendant: K. RAMIREZ,

Official Position of Defendant (if relevant): Correction Officer NYS DOCCS

Address of Defendant: 1879 DAVIS ST, P.O. BOX 500, ELMIRA, NEW YORK 14901-0500

NAME/ADDRESS OF FOURTH DEFENDANT: N. NAIDA, C.O., Elmira C.F. (above address)
NAME ADDRESS OF FIFTH DEFENDANT: LT. SCHADEWALD, Elmira Corr. Facility (above)

## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A. Have you begun any other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes  X   No ____

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

   Plaintiff(s): JOACHIM SYLVESTER

Defendant(s): Anthony Annucci,

2. Court (if federal court, name the district: if state court, name the county): Matter of Sylvester v Annucci, 186 AD3d 1857 (Third Dept. 2020)

3. Docket or Index Number: 186 AD3d 1857 (Third Dept. 2020)

4. Name of Judge to whom case was assigned: Appellate Division, Third Department

5. The approximate date the action was filed:

6. What was the disposition of the case?

   Is it still pending? Yes____ No **X**

   If not, give the approximate date it was resolved 2020

   Disposition (check those statements which apply):

   ____ Dismissed (check the statement which indicates why it was dismissed):

   ____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

   ____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

   ____ By court due to your voluntary withdrawal of claim;

   ____ Judgment upon motion or after trial entered for

   **X** plaintiff disciplinary TIER III annulled & expunged
   ____ defendant.

## 5. STATEMENT OF CLAIM

Please note that it is not enough to just list the ground(s) for your action. You must include a statement of the facts which you believe support each of your claims. In other words, just tell the story of what happened and do not use legal jargon.

Fed.R.Civ.P. 8(a) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995).

Fed.R.Civ.P. 10(b) states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

A. **FIRST CLAIM:** On *(date of the incident)* SEE ANNEXED ATTACHED SHEETS ONE-THREE FOR DETAILS OF DATES AND FACTS ..WHICH I ADOPT defendant *(give the **name and (if relevant) the position held** of **each defendant** involved in this incident)* COMMISSIONER ANTHONY ANNUCCI, C.O.S A. RIPLEY, K.RAMIREZ, M.NAIDA, LT. SCHADEWALD, INTENTIONALLY CAUSED MY SHU CONFINEMENT AS DETAILED IN ATTACHED SHEETS ONE-THREE WHICH I ADOPT HERE

3

did the following to me (*briefly state what each defendant named above did*): SEE ATTACHED SHEETS ONE-THREE WHICH I ADOPT HERE BY REFERENCE THERETO.

The federal basis for this claim is: 42 USC §1983

State briefly exactly what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes*: AWARD COMPENSATORY DAMAGES AT TWO HUNDRED DOLLARS PER DAY OF SHU CONFINEMENT AND ONE HUNDRED DOLLARS PUNITIVE DAMAGES PER DAY OF WRONGFUL SHU CONFINEMENT

B. SECOND CLAIM: On (*date of the incident*) SEE ANNEXED ATTACHED SHEETS ONE-THREE FOR FOR DETAILS OF DATES AND FACTS WHICH I ADOPT defendant (*give the name and (if relevant) position held of each defendant involved in this incident*) COMMISSIONER ANTHONY ANNUCCI, C.O.S A RIPLEY, K. RAMIREZ, N. NAIDA, LT. SCHADEWALD INTENTIONALLY CAUSED MY SHU CONFINEMENT AS DETAILED IN ATTACHED SHEETS ONE-THREE WHICH I ADOPT HERE

did the following to me (*briefly state what each defendant named above did*): SEE ATTACHED SHEETS ONE-THREE WHICH I ADOPT HERE BY REFERENCE THERETO

The federal basis for this claim is: 42 USC §1985(3)

State briefly exactly what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes*: AWARD COMPENSATORYV DAMAGES AT TWO HUNDRED DOLLARS PER DAY OF SHU CONFINEMENT AND TWO HUNDRED DOLLARS PER DAY AS PUNITIVE DAMAGES FOR EACH DAY OF SHU WRONGFUL CONFINEMT

If you have additional claims, use the above format to set them out on additional sheets of paper.

C. THIRD CLAIM: ON (the date of the incident): SEE ATTACHED SHEETS ONE-THREE FOR DETAILS OF DATES AND FACTS WHICH I ADOPT HERE

    defendant(give name and (if relevant) position held of each defendant involved in this incident): COMMISSIONER ANTHONY ANNUCCI, C.O.S A. RIPLEY, K. RAMIREZ, N. NAIDA, LT. SCHADEWALD INTENTIONALLY CAUSED MY SHU CONFINEMENT AND DEPRIVED ME OF RIGHTS TO FULL AND EQUAL BENEFIT OF THE LAW ACCORDED TO WHITE PERSONS AND THE RIGHT TO LIKE PUNISHMENT AND NO OTHER

THE FEDERAL BASIS FOR THIS CLAIM IS: 42 USC §1981(a)

STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU: grant TWO HUNDRED DOLLARS COMPENSATORY AND TWO HUNDRED DOLLARS PUNITIVE DAMAGES FOR EACH DAY OF WRONGFUL SHU CONFINEMENT

D. FOURTH CLAIM: ON (the date of the incident) SEE ATTACHED SHEETS ONE-THREE FOR DETAILS OF DATES AND FACTS WHICH I ADOPT HERE

    Defendant(give name and (if relevant) position held of each defendant involved in this incident): COMMISSIONER ANTHONY ANNUCCI, C.O.S A. RIPLEY, K. RAMIREZ, N. NAIDA, LT. SCHADEWALD INTENTIONALLY CAUSED MY SHU CONFINEMENT WROGFULLY THEREBY COMMITTING INTENTIONAL TORTS ACTIONABLE UNDER NEW YORK STATE LAW

THE FEDERAL BASIS FOR THIS CLAIM IS: This Court has pendent jurisdiction over this state law claim. See United Mine Workers v Gibbs,383 US 715, 726-727 (1966); Haywood v Drown,556 US 729,No. 07-10374

STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU: AWARD TWO HUNDRED DOLLARS COMPENSATORY DAMAGES AND TWO HUNDRED DOLLARS PUNITIVE DAMAGES FOR EACH DAY OF WRONGFUL SHU CONFINEMENT

ASSESS AND AWARD COMPENSATORY AND PUNITIVE DAMAGES AGAINST ALL NAMED DEFENDANTS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AND UNDER JOINT AND SEVERAL LIABILITY ON EACH CAUSE OF ACTION SET FORTH UNDER CLAIMS ONE,TWO,THREE AND FOUR AT TWO HUNDRED DOLLARS PER DAY OF SHU WRONGFUL CONFINEMENT

ATTACHED SHEET ONE

1. By misbehavior report dated January 7, 2019, written by Corrections Officers A. Ripley and K. Ramirez of Elmira Correctional Facility (C.F.) I was charged with violating prison disciplinary rules 113.10 (possession of a weapon), 113.11(possession of an altered item), and 113.19 (possession of excessive tabacco).

2. On January 8,2019, my pro perty was searched further by Correction Officer (C.O.) M. Naida of Elmira C.F. and I was issued a misbehavior report dated January 9,2019, charging me with violating disciplinary rule 113.25 (drug possession).

3. I was not allowed to be present and watch the searches of my property on either occasion on Januaray 7, and 8, 2019, and no security reason existed for the violation of clearly established law that required that I be present during the cell and property searches.

4. I pled NOT GUILTY to all charges and a combined disciplinary hearing (Tier III) was held on both misbehavior reports commencing on January 16, 2019,and completed on February 28,2019,before Hearing Officer LT. SCHADEWALD of Elmira C.F..

5. Hearing Officer LT. SCHADEWALD found me guilty of all four charges and imposed sentence at 365 days SHU (Special Housing Unit) confinement, as well as 312 days loss of packages,commissary,and telephone privileges. I was also sentenced to 60 days loss of visitation.

6. I took an administrative appeal to Commissioner ANTHONY J. ANNUCCI of DOCCS (Department of Corrections & Community Supervision) which was denied. I brought to the attention of Hearing Officer LT. SCHADEWALD during my Tier III disciplinary hearing that my cell and property were improperly searched in my absence and that the Tier III guilt determination should be annulled and expunged,all to no avail.

7. I commenced a New York CPLR Article 78 (CPLR Article 78) proceeding during which the Appellate Division, Third Department,found that "with respect to the charges of possession of a weapon and possession of an altered item,the Attorney General Concedes, and we agree,that the findings of guilt as to those charges should be annulled and all references thereto expunged from petitioner's institutional records on the ground that petitioner was not present during all of the search before the weapon was )(allegedly) found". See Matter of Sylvester v Annucci,186 AD3d 1857 (3d Dept.2020). The remaining charges of possession of excessive tobacco and drug possession were confirmed.

8. On November 12, 2020,my disciplinary determination was further modified to dismiss the drug charge "in the interest of fairness" due to an inconsistency in the manufacturer's instructions pertaining to the

ATTACHED SHEET TWO

testing kit.

    9. During my disciplinary SHU confinement I was subjected to conditions of confinement such as: being required to spend approx. 23 hours in a cell daily with no access to commissary to buy food, cleaning materials to maintain clean cell and personal hygiene; being handcuffed when allowed to walk down a gallery for a shower which occurred ony 3 times per week; not provided with any meaningful recreational activity in that only 1 hour per day of out of cell activity was permitted as part of SHU confinement; loss of 60 days of family/friends visitation; infrequent linen changes of only 1 linen change per week; infrequent cell cleaning with only 2 times per wee of cell cleaning; little or no access to in cell reading materials being allowed reading materials only 1 time per week; being fed food through a cell door opening inside a unhygienic cell with foods being served in lesser amounts than those served to general population inmates; being denied almost all contact with humans.

    10. I sustained severe psychological harm, humiliation and other deprivations that constitute "atypical hardship" singly and or combined.

    11. The Corrections Officials and defendants C.O.s A. RIPLEY, K. RAMIREZ, M. NAIDA, LT. SCHEDEWALD, ANTHONY ANNUCCI were all fully aware that I am an AFRICAN-AMERICAN & FORMER POLICE OFFICER.

    12. The Defendants sought to and did deprive me of equal protection of the laws and subjected me to atypical hardship by causing and condoning my SHU confinement.

    13. The Defendants actions were based on discriminatory, class-based, and or racial animus.

    14. Defendants' acts are actionable under 42 U.S.C. §§ 1985(3), 1983, 1981(a) and under New York State law. See Brown v State of New York, 89 NY2d 172, 652 NYS2d 223 (1996)(holding that New York State Constitution and Section 874A of the Restatement (Second) of Torts provide basis for a court to imply a civil remedy from legislation or constitutional provisions); see also Haywood v Drown, 556 US \_\_\_\_, No. 07-10374 (New York Statute found "contrary to Congress' judgment that all persons who violate federal rights while acting under color of state law shall be held liable for damages")

    15. Federal courts also have pendent jurisdiction to decide federal constitutional and state law claims arising out of the same nucleus of facts as here. See Mine Workers v Gibbs, 383 US 715, 726 727 (1966)

    16. Prison inmates are entitled to "certain procedural protections when disciplinary actions subject them to further liberty deprivations such as loss of good time credit or special confinement that impose an atypical hardship." Sira v Morton, 380 F.3d 57, 69 (2d Cir.2005)

    17. A liberty interest may arise from the Constitution itself... or it may arise from an expectation or interest created by state laws or policies. Wilkinson v Austin, 545 US 209, 221 (2005)

ATTCHED SHEET THREE

18. Plaintiff here asserts that he has a liberty interest based on the Constitution itself and based on an expectation or interest created by state laws or policies.

19. The failure to allow plaintiff to observe his cell/property search was a violation of New York State's DOCCS Directive 4910 and required annulment and expungement of the disciplinary determination. See Matter of Sylverter v Annucci, supra,186 AD3d 1857 (3d Dept.2020); Matter of Holloway v Lacey,263 AD2d 765 (3d Dept.2001. And, a period of confinement between "0101 and 305 days is considered to be an 'intermediated duration and could implicate a liberty interest should a detailed record of the conditions of confinement indicate that it was an atypical and significant hardship" See Sealey v Giltner, 197 F.3d 578,589 (2d Cir.1999); Welch v Bartlett,196 F.3d 389, 394 (2d Cir. 1999).

20. My SHU confinement was 365 days SHU, 312 loss of packages, commissary/telephone privileges, 60 days loss of visitation. The combined effect of the punishment and conditions of confinement resulted in an atypical and significant harsship.

21. In Welch v Bartlett,supra,196 F.3d 389,394 n. 4 (2d Cir.1999) the Second Circuit made clear that "Hewitt (v Helms,459 US 460 (1983)) as modified by Sandin's additional requirement of an 'atypical and significant hardship', remains good law in analyzing whether statutory or regulatory tests can generate a liberty interest"

## 6. SUMMARY OF RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

ASSESS AND AWARD COMPENSATORY AND PUNITIVE DAMAGES AGAINST ALL NAMED DEFENDANTS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AND JOINTLY AND SEVERALLY ON EACH CAUSE OF ACTION AT TWO HUNDRED DOLLARS PER DAY OF MY WRONGFUL SHU CONFINEMENT: SEE HAYWOOD V DROWN, 556 US 729; BROWN V STATE OF NEW YORK, 89 NY2d 172, 652 NYS2d 223 (1996); UNITED MINE WORKERS V GIBBS, 383 US 715, 726-727 (1966)(CITED AT ATTACHED SHEET TWO, PARAGRAPHS 14-15 THEREOF AND OTHER CASES CITED PASSIM)

Do you want a jury trial? Yes _xxx_ No _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____January 24_____ 2021
             (date)

NOTE: *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

Signature(s) of Plaintiff(s)
JOACHIM SYLVESTER
1818 Niagara Avenue
Niagara Falls, New York 14305

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

**22 CV 0151-V**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JOACHIM SYLVESTER

**DEFENDANTS** ANTHONY ANNUCCI; A. RIPLEY; K. RAMIREZ; N. NAIDA; LT. SCHADEWALD

(b) County of Residence of First Listed Plaintiff: **NIAGARA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
JOACHIM SYLVESTER (PRO SE)
1818 NIAGARA AVENUE
NIAGARA FALLS, NEW YORK 14305

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
**42 USC 1983, 1985(3), 1981(a) civil rights action**
Brief description of cause: **to recover damages for civil rights violations**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE: SYLVESTER V ANNUCCI, 186 AD 3d 1857 (3d Dept. 2020)
DOCKET NUMBER: _____

DATE: January 24, 2022
SIGNATURE OF ATTORNEY OF RECORD: Joachim Sylvester   Pro Se

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE  LJV    MAG. JUDGE

